UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| YIPENG WANG; WEIGUO WANG; and XIULING WEI,<br><br>Plaintiffs,<br><br>v.<br><br>JINGPING LONG,<br><br>Defendant. | C.A. No. 1:25-cv-00359-MSM-PAS |

**ORDER**

Mary S. McElroy, United States District Judge.

The plaintiffs, Yipeng Wang, Weiguo Wang, and Xiuling Wei, ask this Court to recognize and enforce a money judgment entered against the defendant, Jingping Long, by the High Court of Justice of England and Wales. (ECF No. 1.) All parties proceed *pro se*. Before the Court is Mr. Long's Motion to Dismiss (ECF No. 11), which invokes Fed. R. Civ. P. 12(b)(2) through 12(b)(6) and, in the alternative, asks that this action be transferred to the United States District Court for the District of Massachusetts. Because venue does not lie in this District, the Court does not reach the remaining grounds and dismisses the Complaint without prejudice.

This lawsuit is one of a string of lawsuits and countersuits filed in 2024 and 2025 that involve all or some of the named parties in courts in Massachusetts,[1] in

---

[1] *Long v. Marchuk*, No. 2454SC000574 (Dedham Dist. Ct. filed June 28, 2024); *Long v. Marchuk*, No. 2454CV000354 (Dedham Dist. Ct. filed June 28, 2024); *Long v.*

this Court,[2] as well as in the United Kingdom. On April 11, 2025, the High Court of Justice of England and Wales entered a final default judgment against Mr. Long on claims of defamation, harassment, and invasion of privacy, awarding £215,466.25 in damages together with injunctive relief. (ECF No. 1-6.) The plaintiffs filed this action on July 28, 2025, seeking recognition of that judgment under R.I. Gen. Laws § 9-34-1 *et seq.* and the principles of comity. (ECF No. 1 ¶¶ 41–51.) They filed it here because, they claim, Mr. Long owns real property in Lincoln, Rhode Island.

Venue is governed by 28 U.S.C. § 1391(b), which permits an action to be brought (1) in a judicial district where any defendant resides, if all defendants reside in that State; (2) in a district where a substantial part of the events or omissions giving rise to the claim occurred, or where a substantial part of property that is the subject of the action is situated; or, (3) if there is no such district, in any district in which any defendant is subject to personal jurisdiction. The Court may take up venue without first resolving Mr. Long's challenge to personal jurisdiction. Section 1406(a) authorizes a transfer whether or not the transferor court has jurisdiction over the defendant, *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962), and a district court

---

*Marchuk*, No. 2482CV00652 (Norfolk Sup. Ct. filed July 1, 2024); *Long v. Marchuk et al.*, No. 2454CV000612 (Dedham Dist. Ct. filed Nov. 18, 2024); *Long v. Studio 34 Dance, Inc.*, No. 2485CV01170 (Norfolk Sup. Ct. filed Dec. 2, 2024); *Marchuk et al. v. Long*, No. 24-11129 (D. Mass. filed Apr. 26, 2024); *Long v. Marchuk et al.*, No. 24-11743 (D. Mass. filed Jul. 8, 2024); *Marchuk et al. v. Long et al.*, No. 24-cv-12132 (D. Mass. filed Aug. 20, 2024); *Wang et al. v. Long et al.*, No. 24-mc-12774 (D. Mass. filed Dec. 2, 2024).

[2] *Marchuk et al. v. Zhou et al.*, No. 1:25-cv-00020-MSM-PAS (D.R.I. filed Jan. 14, 2025).

may sequence threshold, non-merits questions as the efficient administration of the case requires, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999).

None of the three § 1391(b) subsections places venue in Rhode Island. It is undisputed that Mr. Long resides in Massachusetts. (ECF Nos. 11-3; 13 at 13.) A natural person is deemed to reside in the judicial district in which he is domiciled, 28 U.S.C. § 1391(c)(1), and Massachusetts comprises a single district. Section 1391(b)(1) therefore puts venue in the District of Massachusetts, not here.

Neither did a substantial part of the events giving rise to this claim occur in this District, which would satisfy the first clause of § 1391(b)(2). Courts take a "holistic view of all acts underlying the claim" rather than isolating a single triggering event. *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 43 n.6 (1st Cir. 2001). Viewed that way, the conduct underlying this claim is wholly foreign to Rhode Island: the statements were published to websites serving overseas Chinese communities, the injuries were suffered in England and China, and the judgment issued from an English court after proceedings conducted there. The plaintiffs identify no act, omission, or injury in this District.

The plaintiffs rest instead on the second clause of § 1391(b)(2) (the property clause), urging that a property in Lincoln, Rhode Island, once held by Mr. Long, is "property that is the subject of the action." (ECF No. 13 at 19–20.) But the subject of this action is the English judgment. The Complaint asks only that the judgment be recognized. *See* R.I. Gen. Laws § 9-34-7(2). Execution against any particular asset

would come after that recognition. The Lincoln property is, at most, an asset the plaintiffs hope to reach at that later stage. That distinction tracks how the property clause of § 1391(b)(2) has been applied. The clause supplies venue where the action itself resolves rights in the property, but not where a plaintiff merely identifies assets in the district from which it hopes one day to be paid. *Compare Vasarhelyi v. Rojas*, No. 09 C 6256, 2010 WL 737589, at *4 (N.D. Ill. Feb. 26, 2010) (suit whose "sole purpose" was to resolve ownership of a parcel); *Safeway Inc. v. CESC Plaza Ltd. P'ship*, 261 F. Supp. 2d 439, 461 (E.D. Va. 2003), *with*, *Bond Safeguard Ins. Co. v. Ward*, No. 1:09-cv-0093-WSD, 2009 WL 1370935, at *4–5 (N.D. Ga. May 14, 2009) (venue improper where the plaintiff "merely seeks a lien" against property in the district "to satisfy the money judgment it seeks"); *MTGLQ Invs., L.P. v. Guire*, 286 F. Supp. 2d 561, 564–65 (D. Md. 2003) (holding that venue was improper because the "property that is the subject of the action" was the loan sued upon and not the in-district property securing that loan). *See also* 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3806 (4th ed.).

In any event, the property is not Mr. Long's. The plaintiffs themselves allege that he conveyed it to Ziqin Zhou, and that she conveyed it into a trust of which she is the trustee, both before this action was filed. (ECF No. 13 at 11–12.) The plaintiffs' effort to set those conveyances aside came before this Court and was dismissed. *Marchuk et al. v. Zhou et al.*, No. 1:25-cv-00020-MSM-PAS (D.R.I. Sept. 29, 2025). Unless and until the conveyances are set aside, the property is not Mr. Long's, and its presence in this District cannot supply venue in an action against him.

That leaves the § 1391(b)(3) fallback provision, which applies only "if there is no district in which an action may otherwise be brought as provided in this section." Because the District of Massachusetts is a district where the "action may otherwise be brought," the fallback is unavailable, and the Court has no occasion to decide whether Mr. Long would be subject to personal jurisdiction here.

Where venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Mr. Long asks first for dismissal and, failing that, for transfer. The Court will dismiss. When he filed the instant Motion, two overlapping actions were pending in the District of Massachusetts, discovery there had closed, and a summary judgment motion was before that court. At that point, a transfer would have consolidated related litigation. Those actions have since been dismissed with prejudice, and that dismissal is on appeal.[3] There is now nothing in that District into which this case could be folded, and a transfer would serve no economy. Nor does dismissal prejudice the plaintiffs. The English judgment entered on April 11, 2025, nothing before the Court suggests that any limitations period for seeking its recognition is near expiring, and the plaintiffs remain free to refile in a district where venue lies.

[3] *Marchuk v. Long*, No. 24-cv-11129-WGY (D. Mass.), ECF No. 298; appeal docketed, *Wang et al. v. Long et al.*, No. 26-1243 (1st Cir. Mar. 3, 2026).

Accordingly, the Court GRANTS Mr. Long's Motion to Dismiss (ECF No. 11) on the ground of improper venue. The plaintiffs' Complaint is therefore DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

September 4, 2026